UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TARA LEE MANCHESTER )<br>    Plaintiff )<br>)<br>v. )<br>)<br>BRIAN ACKERMAN, Detective of the )<br>Cumberland County Sheriff's Office, in his individual )<br>and official capacities, and UNKNOWN SHERIFF's )<br>OFFICE OFFICIALS, in their individual and official )<br>capacities )<br>    Defendants ) | Civil Action<br>Docket No. |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tara-Lee Manchester, bring this civil action for injunctive and declaratory relief and damages, and complain as follows:

## **INTRODUCTION**

1. On or around November of 2013, law enforcement officers arrived at the residence of Byron and Tara-Lee Manchester, located at 23 Terrace Lane, Casco, Maine 04015. The law enforcement officers tried to break down the door, thereby causing damage to the door and door jam. The law enforcement officers unlawfully entered the home, detained the plaintiffs, utilized excessive force on both plaintiffs and caused personal items to be removed from the home, but never returned or inventoried. Law enforcement violated the plaintiffs' Civil rights under the United States Constitution and the Constitution of the State of Maine, caused mental, emotional and physical injuries to both plaintiffs and caused unlawful and unconstitutional damage to the Plaintiff's property.

1

## JURISDICTION AND VENUE

2. This action seeks to vindicate the rights guaranteed by the Fourth Amendment USC Chapter 119 and 18 U.S.C. § 2511, 2518 and under Federal Constitution pursuant to 42 USC § 1983.

3. The Court has jurisdiction of this action under 28 USC § 1343 (a)(3), (4) and has jurisdiction over the Tort Claim under 28 U.S.C. § 1367.

4. This Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202 to declare the rights of the parties and to grant all further relief found proper and necessary.

5. Venue is proper pursuant to 28 U.S.C. § 139(b).

6. To the extent required by 42 U.S.C. § 1997e, Plaintiff has exhausted his administrative remedies.

## PARTIES

7. Plaintiff Tara-Lee Manchester is a private citizen who was residing at 23 Terrace Lane, Casco, Maine, when these causes of action occurred.

8. Defendant, Brian Ackerman, is a Detective for the Cumberland County Sheriff's Office and a Deputy and/or Detective in 2013 directly involved in the entering of the Plaintiffs' residence, detaining of the Plaintiffs and the excessive force applied to the Plaintiffs.

9. Unknown Individuals unnamed were also Cumberland County Sheriff employees or agents who were directly involved in the events on or around November of 2013 when law enforcement officers attempted to break down plaintiffs' door, unlawfully entered the residence, detained the plaintiffs and applied excessive force against the plaintiffs.

## STATEMENT OF FACTS

10. The complaint arises out of the events on or around November 19, 2015 at the residence of the plaintiffs, located at 23 Terrace Lane, Casco, Maine.

11. Law enforcement officers attempted to break down the door, but only succeeded in damaging the door and door jam.

12. Law enforcement officers entered the Plaintiff's residence without consent or authority to do so.

13. Law enforcement officers threw Byron Manchester to the ground, restrained him, dragged him out of the residence across rocks.

14. Law enforcement officers dragged Tar-Lee Manchester outside and into the yard.

15. Law enforcement officers searched the Plaintiff's home and personal belongings without consent or authority.

16. Law enforcement officers removed personal belongings from the home without properly identifying, inventorying or returning such items to the Plaintiffs.

17. The temperature outside on November 19, 2013 in Casco Maine was at or around 34ºF with 15-21.9 mile per hour wind.

18. Tara-Lee Manchester was forced to stand outside in the cold, without appropriate clothing for a long duration while the law enforcement officers searched her home.

## CAUSES OF ACTION

**COUNT ONE – MAINE CIVIL RIGHTS ACT – ACKERMAN and UNKNOWN SHERIFF OFFICERS and/or OFFICIALS**

19. Plaintiff reasserts and re-alleges the allegations in paragraphs 1-18.

20. Ackerman and other unknown Sheriff Officers by their excessive use of force, violated Plaintiff's right to due process as guaranteed by Article One, Section Six-A of the Maine Constitution.

21. Ackerman and other unknown Sheriff Officers intentionally interfered with Plaintiff's rights under the Maine Constitution by use of excessive physical force and violence against her.

22. Cumberland County showed deliberate indifference through its failure to properly train and supervise Ackerman and other unknown Sheriff Officers to ensure that they, as employees of Cumberland County, did not violate the rights of the Plaintiff.

23. As a proximate result of the violation of her constitutional rights, the Plaintiff has suffered pecuniary loss, emotional distress, physical injury, and other damages for which she seeks compensation.

## COUNT TWO – ASSAULT AND BATTERY, EXCESSIVE FORCE

24. Plaintiff reasserts and re-alleges the allegations in paragraphs 1-23.

25. Ackerman and other unknown Sheriff Officers' conduct, which included unauthorized nonconsensual intentional physical touching and the threat of unauthorized nonconsensual physical touching, amounts to assault and battery against Plaintiff.

26. As a proximate result of such assault and battery, Plaintiff suffered pecuniary loss, emotional distress, physical injury, and other damages for which she seeks compensation.

## COUNT THREE – FAILURE TO INTERVENE

27. Plaintiff reasserts and re-alleges the allegations in paragraphs 1-26.

28. Ackerman and other unknown Sheriff Officers failed to intervene when Plaintiff's constitutional rights of Due Process were clearly being violated in front of them.

29. As a proximate result of such failure to intervene, Plaintiff suffered pecuniary loss, emotional distress, physical injury, and other damages for which she seeks compensation.

## COUNT FOUR – VIOLATION OF FOURTH AMENDMENT

## 42 U.S. Code § 1983

30. Plaintiff reasserts and re-alleges the allegations in paragraphs 1-29.

31. Ackerman and other unknown Sheriff Officers by their excessive use of force, violated Plaintiff's right to due process as guaranteed by the Fourth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution and 42 U.S. Code §1983.

32. Ackerman and other unknown Sheriff Officers intentionally interfered with Plaintiff's rights under the Maine Constitution by use of excessive physical force and violence against her.

33. Cumberland County showed deliberate indifference through its failure to properly train and supervise Ackerman and other unknown Sheriff Officers to ensure that they, as employees of Cumberland County, did not violate the rights of the Plaintiff.

34. As a proximate result of the violation of her constitutional rights, the Plaintiff has suffered pecuniary loss, emotional distress, physical injury, and other damages for which she seeks compensation.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiff requests that the Court:

A. Plaintiff is requesting a Jury Trial.

B. Issue a judgment declaring that the actions of the Defendants as described in this complaint are unlawful and constitute an illegal search and seizure of the Plaintiff in violation of the Fourth Amendment of the Constitution, Article One, Section Six-A of the Maine Constitution and 42 U.S.C. § 1983.

C. Award the Plaintiff compensatory damages for past and future damages including economic loss, emotional and psychological harm in an amount determined to be reasonable.

D. Award Plaintiff punitive damages.

E. Award Plaintiff reasonable attorney's fees and costs.

F. Grant any further relief as the Court considers just and proper.

Dated November 19, 2015                                Respectfully Submitted,

/s/ Anthony J. Sineni, III
Anthony J. Sineni, III, Esq.
701 Congress St.
Portland, Maine 04102
(207) 772-9053