UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TARA LEE MANCHESTER AND BYRON MANCHESTER, ) ) ) | |
| PLAINTIFFS ) ) | |
| v. ) ) | CIVIL NO. 2:15-CV-473-DBH |
| CUMBERLAND COUNTY SHERIFF'S DEPARTMENT AND BRIAN ACKERMAN, ) ) ) ) | |
| DEFENDANTS ) | |

**REPORT OF PRE-FILING CONFERENCE UNDER LOCAL RULE 56**

A Local Rule 56 pre-filing conference was held on November 9, 2016.

The plaintiffs' First Amended Complaint asserts four counts: (1) state law due process violations under the Maine Constitution, (2) state law assault and battery claims, (3) a state law failure to intervene claim, and (4) a federal claim under 42 U.S.C. § 1983.

The plaintiffs allege in Count Four that the defendant Brian Ackerman and other unknown Cumberland County Sheriff Officers used excessive force in violation of the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.  The parties agreed at the pre-filing conference that Count Four asserted only an excessive force claim, and not an illegal search claim.  The search warrant is relevant only to the extent it provided grounds for the officers' use of force.

The plaintiffs' First Amended Complaint also asserts claims against unknown Cumberland County Sheriff Officers. The plaintiffs have yet to name these unknown individuals as defendants in the present action.

The defendants plan to move for summary judgment on all four counts in the First Amended Complaint. With respect to the federal claim, the defendants will argue that Ackerman did not use excessive force and, even if he did, that he is entitled to qualified immunity, therefore precluding municipal liability. (There is no argument over whether it is proper to name the Sheriff's Department—as opposed to the County—as a defendant.) The defendants will also argue that the state law claims should be dismissed independently on the merits, asserting various immunity defenses.[1] In the alternative, the defendants will argue that if this court grants summary judgment on the federal count, it should decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

The following deadlines and page limits were established by agreement:

> By November 16, 2016, the plaintiffs shall move to amend the First Amended Complaint to name any of the unknown Sheriff Officers as defendants.
>
> By November 25, 2016, the defendants will respond to the plaintiffs' motion to amend.
>
> By November 30, 2016, the plaintiffs will reply to the defendants' response.
>
> Thirty days after I issue a ruling on the plaintiffs' motion to amend the First Amended Complaint, the defendants will file their motion for summary judgment with necessary supporting materials.

---

[1] The parties further agreed that vicarious liability would apply to only the state law claims, and not the federal claim.

The plaintiffs will have 30 days to respond to the motion for summary judgment with necessary supporting materials.

The defendants will have 14 days to file their reply.

**SO ORDERED.**

**DATED THIS 10TH DAY OF NOVEMBER, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**