# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **TARA LEE MANCHESTER AND BYRON MANCHESTER,** | ) ) ) | |
| **PLAINTIFFS** | ) ) | |
| **v.** | ) ) | **CIVIL NO. 2:15-cv-473-DBH** |
| **CUMBERLAND COUNTY SHERIFF'S DEPARTMENT AND BRIAN ACKERMAN,** | ) ) ) ) | |
| **DEFENDANTS** | ) | |

## ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

In a proposed Second Amended Complaint, the plaintiffs add three previously unnamed defendants, correct a date, and ostensibly enlarge their legal theories of relief. The plaintiffs' motion to file a Second Amended Complaint is **DENIED**.

After all Scheduling Order deadlines had passed, on November 9, 2016, I conducted a Local Rule 56(h) pre-filing conference because the defendants had filed a notice of intent to file a summary judgment motion (ECF No. 26). The purpose of a Local Rule 56(h) pre-filing conference is to clarify and narrow the issues to make the summary judgment process more efficient and straightforward for the parties and the court. We discussed a number of issues at the conference.

Among other things, I pointed out that both the original Complaint and the First Amended Complaint named as defendants "unknown sheriff's office officials." I expected that the category could be eliminated because all deadlines for discovery, amending the pleadings, and joining parties had passed.[1]  The plaintiffs' lawyer, however, said that he now had identities for these putative defendants as a result of discovery and wanted to name them. The defendants' lawyer objected that naming them now was untimely in light of the Scheduling Order and was prejudicial. I said that I could not rule on the issue without further development.

In my Report of Pre-Filing Conference issued on November 10, 2016, following the conference, I ordered that "[b]y November 16, 2016, the plaintiffs shall move to amend the First Amended Complaint to name any of the unknown Sheriff Officers as defendants," "[b]y November 25, 2016, the defendants will respond to the plaintiffs' motion to amend," and "[b]y November 30, 2016, the plaintiffs will reply to the defendants' response." Report of Pre-Filing Conference 2 (ECF No. 33). The lawyers had agreed to those dates at the conference. There was no discussion at the conference or in the Report of any amendments other than identifying the "unknown" defendants.

On November 15, 2016, the plaintiffs filed a proposed Second Amended Complaint and a motion for leave to file it (ECF Nos. 34, 35). The plaintiffs gave no reason for the late naming of the three new defendants identified in the

---

[1] The Scheduling Order in this case set a deadline of July 18, 2016, to amend the pleadings or join parties, and a deadline of October 3, 2016, to complete discovery. Scheduling Order 2 (ECF No. 25).

proposed Second Amended Complaint. Indeed, the motion itself did not even refer to adding new defendants. The defendants objected on November 22, 2016 (ECF No. 36), stating that two of the new defendants, Cumberland County Sheriff's Deputies Scott Jordan and Lucas Hallet, had been identified as potential witnesses in their initial disclosures (the Scheduling Order deadline for initial disclosures was May 31, 2016, ECF No. 25). The defendants also noted that the plaintiffs did not serve any written discovery requests until September 23, 2016 (a date too late because the Scheduling Order warned that "absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline," here October 3, 2016). The defendants reported that nevertheless, by agreement they responded to the late discovery request on October 31, 2016, and on that date the identity of the third new defendant, John Fournier, emerged. Defs.' Objection to Pls.' Mot. for Leave to File a Second Am. Compl. 2 & n.2 (ECF No. 36). The plaintiffs filed no reply to the defendants' objection to their motion for leave to file a Second Amended Complaint.

According to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." After a Scheduling Order deadline has passed, however, the standard shifts to "good cause" for missing the deadline, Fed. R. Civ. P. 16(b)(4); Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004); Northeast Drilling, Inc. v. Inner Space Servs., Inc., 243 F.3d 25, 36–37 (1st Cir. 2001) (ruling that a moving party must demonstrate "good cause" to join an additional party after the deadline imposed by the pretrial

scheduling order).  According to the First Circuit, "[t]his standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent."  <u>Steir</u>, 383 F.3d at 12.  Here, despite my pointing out the pleading issue and allowing the filing of a motion, the plaintiffs have given me no reason for their lack of diligence and no reason why I should allow their late joinder of parties.  If they had, I might have pressed the defendants harder to elaborate on the prejudice they assert (possible conflicts of interest for the lawyer representing the defendants; need for additional discovery from the plaintiffs; adverse impact on the defense of the existing defendants), but there is no reason to do so, given the plaintiffs' failure to show a reason for the late joinder.

The plaintiffs' motion says that "[t]he amendment would also allege the search warrant was obtained in violation of the Fourth Amendment, due to reckless disregard for the truth in the allegations used to secure the search warrant, while also implying the Sheriff's Department used malice to secure the search warrant."  Pls.' Mot. for Leave to File a Second Am. Compl. 1 (ECF No. 34).  The proposed Second Amended Complaint adds language in the Statement of Facts section that the defendants' actions were "based upon a fraudulently obtained search warrant," Proposed Second Amended Complaint ¶¶ 16, 19 (ECF No. 35), replacing the previous language that the actions were "without consent or authority," Amended Complaint ¶¶ 14, 17 (ECF No. 16).  In fact, it appears that the contents of Count Four, the only federal claim in either the First Amended Complaint or the proposed Second Amended Complaint, have not

changed at all except for the addition of the three additional sheriff's personnel.[2]
Once again, the plaintiffs have given no reason for this late change well beyond
the Scheduling Order deadline for amending the pleadings.   Moreover, the
plaintiffs cannot, by this assertion, avoid the commitments made at the Local
Rule 56(h) pre-filing conference.   As a result of extensive discussions with the
lawyers about what claims the plaintiffs were pursuing and what issues the
defendants' motion for summary judgment would need to address, I issued my
Report stating: "The parties agreed at the pre-filing conference that Count Four
[the only federal count] asserted only an excessive force claim, and not an illegal
search claim.   The search warrant is relevant only to the extent it provided
grounds for the officers' use of force."   Report of Pre-Filing Conference 1 (ECF
No. 33).   No party challenged the accuracy of these statements, and there is no
basis for me to permit the plaintiffs to back away from their commitment.
Indeed, to do so would be a great waste of the resources of this court and of
counsel in meeting and conferring on the scope of summary judgment practice.[3]

I note the plaintiffs' correction of the date in paragraph 12 of the First
Amended Complaint (the events in question occurred on November 19, 2013, *not*
2015).   The defendants have not objected to this correction, and there is no
suggestion that anyone has been confused or prejudiced by what was obviously

---

[2] The contents of the three state law counts also have not changed except for the addition of the three new defendants.

[3] The asserted fraud may or may not be relevant to the argument of excessive force, depending on whether the defendants rely on the warrant to support any belief that force of a certain level was required and their knowledge of the circumstances of the warrant's issuance.   No amendment is necessary for the plaintiffs to make that argument.   What I am excluding is any attempt to make an illegal search claim.

a typographical error (2013 is the date used everywhere else in the First Amended Complaint).  Federal Rule of Civil Procedure 60(a) allows the court, *sua sponte*, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." See 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2854 (4th ed. 2013) (noting that Rule 60(a) may be used to correct clerical mistakes by the parties); 12 James William Moore et al., Moore's Federal Practice § 60.10 (3d ed. 1997) (same); cf. Day v. McDonough, 547 U.S. 198, 210, (2006) ("[I]f a judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge."). Given that the plaintiffs' error in the First Amended Complaint indisputably involved a simple clerical mistake, I will therefore deem the date in paragraph 12 of the First Amended Complaint corrected from November 19, 2015, to November 19, 2013.

For all these reasons, the plaintiffs' motion for leave to file a Second Amended Complaint is **DENIED**.

**SO ORDERED.**

**DATED THIS 5TH DAY OF DECEMBER, 2016**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**