## UNITED STATES DISTRICT COURT
### District of Maine

|  |  |  |
|---|---|---|
| TARA LEE MANCHESTER and BYRON MANCHESTER, | ) ) ) | Docket No.  2:15-cv-00473-DBH |
| Plaintiffs | ) ) |  |
| v. | ) ) |  |
| CUMBERLAND COUNTY SHERIFF'S DEPARTMENT and BRIAN ACKERMAN, | ) ) ) |  |
| Defendants | ) ) |  |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, through counsel, and hereby move this honorable Court pursuant to Fed.R.Civ.P. 56 for summary judgment in their favor.  Filed in connection with this motion is Defendants' Statement of Uncontested Material Facts pursuant to Local Rule 56.

## MEMORANDUM OF LAW

### INTRODUCTION

Plaintiffs' Complaint contains four counts.  In Counts I and IV, the Plaintiff alleges Defendant Ackerman used excessive force[1] in violation of Article I, Section 6-A of the Maine Constitution and the Fourth Amendment of the United States Constitution under the Maine Civil Rights Act[2] and 42 U.S.C. § 1983, respectively.  Also in Counts I and IV, Plaintiffs allege that Cumberland County failed to train Ackerman.  In Count II, Plaintiffs bring tort claims of assault

---

[1] The Plaintiffs agreed that they are not pursuing a claim based on an illegal search at the Local Rule 56 pre-filing conference.  *See Document No. 33.*

[2] The Maine Civil Rights Act is co-extensive with civil rights claims brought pursuant to 42 U.S.C. § 1983.  *Estate of Bennett v. Wainwright*, 540 F.3d 155, 178 (1st Cir. 2008).  Accordingly, there is no occasion for separate analysis of this claim.

1

and battery against Ackerman, and in Count III, Plaintiffs bring a failure to intervene claim against Ackerman.  All of the claims rely, as a threshold matter, on the claim that Ackerman used excessive force himself and failed to intervene when he observed others using excessive force.

## FACTS

The undisputed material facts of this case are set forth in the Defendants' Statement of Material Facts in Support of Motion for Summary Judgment (hereinafter "DSMF").  Defendants incorporate the DSMF into this memorandum of law.  The following summary is provided as context for the reader.  On November 19, 2013, officers of the Cumberland County Sheriff's Office executed a search warrant at Plaintiffs' home.  Although both Plaintiffs claim that they were subjected to the use of physical force in the execution of the warrant, Brian Ackerman did not use any physical force on either Plaintiff.  *DSMF ¶ 1.* Ackerman himself did not physically restrain either Byron Manchester or Tara-Lee Manchester.  *DSMF ¶ 2.* Brian Ackerman did not observe any other officers use any physical force of any sort of either Byron Manchester or Tara-Lee Manchester.[3]  *DSMF ¶ 3.*  While Byron Manchester alleges that he was thrown to the ground and dragged across his yard by police officers executing the search warrant, he does not believe that Brian Ackerman was one of those officers and does not know if Ackerman was present at this time.  *DSMF ¶ 4.*[4]  Tara-Lee Manchester similarly claims that she was dragged across the ground by a single officer.  *DSMF ¶ 6.*  She does not know who that officer was.  *DSMF ¶ 6.* While Byron Manchester claims that he observed Tara-Lee Manchester being dragged across the ground, he does not have personal knowledge that Ackerman was involved in this action.  *DSMF*

---

[3] Ackerman's report confirms that his only physical contact with either Plaintiff was to remove Byron Manchester's handcuffs.  *Exhibit 1, p. 3 (5 of 17).*
[4] Ackerman's report confirms that when he first encountered Byron Manchester, Manchester was already lying on the ground.  *Id.*

*¶ 5.*  Thus, between Plaintiffs' lack of knowledge as to who allegedly used force on them and Ackerman's affirmative and unrebutted statements that he did not use any force or physically restrain either Plaintiff, it is undisputed for purposes of the summary judgment record that Ackerman had no involvement in the use of any force on Plaintiff, regardless of the type or amount of force.  Similarly, it is undisputed that regardless of what force may have been used by other officers on the Plaintiffs, Ackerman did not observe this force being used and therefore had no opportunity to intervene.

As regards the failure to train allegations, the County has a detailed use of force policy which has been approved by the Sheriff.  *DSMF ¶¶ 8, 9.*  Brian Ackerman has been trained in this policy.  *DSMF ¶ 10.*  Ackerman has also received additional training on the use of force.  *Id.* In addition, there is no established history of prior constitutional violations by members of the Cumberland County Sheriff's Office through the application of excessive force during the execution of search warrants.  *DSMF ¶ 12.*

Finally, in connection with the claims brought pursuant to the Tort Claims Act, no notice was ever served on either Defendant.  *DSMF ¶ 11.*

<u>LEGAL ARGUMENT</u>

I.  <u>Standard of Review</u>

Summary judgment should be granted when the record evidence demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *Fed.R.Civ.P. 56(c).*  The moving party bears the burden of demonstrating the lack of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The record is reviewed in the light most favorable to the non-moving party, and that party must

be given the benefit of reasonable inferences drawn from properly asserted facts.  *See Nicolo v. Philip Morris, Inc.*, 201 F.3d 29 (1ˢᵗ Cir. 2000).  Summary judgment should be entered "against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322.

II.    Defendant Ackerman is entitled to summary judgment on Counts I and IV of Plaintiffs' Amended Complaint.

Plaintiffs allege that Ackerman used excessive force against them. The use of force during the execution of a search warrant implicates the Fourth Amendment.  *Muehler v. Mena*, 544 U.S. 93 (2005).  "Officers executing a search warrant for contraband have the authority 'to detain the occupants of the premises while a proper search is conducted.'"  *Id.* at 98 (citing *Michigan v. Summers*, 452 U.S. 692, 705 (1981).  "Inherent in *Summers*' authorization to detain an occupant of a place to be searched is the authority to use reasonable force to effectuate the detention."  *Mena*, 544 U.S. at 98.  "[T]he reasonableness inquiry in an excessive force case is an objective one:  the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Graham v. Connor*, 490 U.S. 386, 397 (1989).

In many excessive force cases, the objective nature of the reasonableness inquiry creates a difficult challenge for the defendant seeking summary judgment.  This is so because the factual spectrum which a jury might view as being objectively unreasonable is broad.  Excessive force claims do not, therefore, lend themselves easily to summary judgment.  Here, however, the Defendants are not confronted with this challenge.  While both Plaintiffs claim that they were thrown to the ground and dragged by officers, neither can say that Ackerman was involved.  In

4

fact, Byron Manchester admits that he does not believe that Ackerman was involved in the force used on him.  Ackerman himself expressly denies having used any physical force on either Plaintiff, including using any force to restrain either Plaintiff.  Unless the Plaintiff is able to generate a genuine dispute as to Ackerman's involvement in the force to which they say they were subjected, then Ackerman is entitled to summary judgment on the excessive force claims (Counts I and IV).[5]

III.   Defendant Ackerman is entitled to summary judgment on Count III of Plaintiffs' Amended Complaint.

In Count III, Plaintiffs allege that Defendant Ackerman failed to intervene in the use of excessive force against them.  "[P]olice officers *sometimes* have an affirmative duty to intervene that is enforceable . . . to protect the victim of another officer's use of excessive force . . . provided that he had a realistic opportunity to prevent the other officer's actions."  *Martinez v. Colon*, 54 F.3d 980, 985 (1st Cir. 1995)(citing *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 (1st Cir. 1990)(emphasis in original).  An officer's "mere presence at the scene, without more, does not by some mysterious alchemy render him legally responsible under Section 1983 for the actions of the fellow officer."  *Calvi v. Knox County*, 470 F.3d 422, 428 (1st Cir. 2006). In this case, Defendant Ackerman was present at the scene of the search, but was not involved in using force against the Plaintiffs, and he did not witness any other officer doing so.  *DSMF ¶¶ 1-3.*  Therefore, he had no realistic opportunity, let alone a duty, to intervene.  For this reason, he is entitled to summary judgment on this claim.

---

[5] Under more typical circumstances, a qualified immunity defense would be *de rigeur* in a motion seeking summary judgment in favor of an individual defendant in the context of a Section 1983 claim.  Qualified immunity immunizes state actors who violate citizen's constitutional rights under certain circumstances.  *See generally, Pearson v. Callahan*, 555 U.S. 223 (2009).  Here, however, because the record is undisputed that Ackerman did not use any force on either Plaintiff, let alone excessive force, there is no occasion to invoke the qualified immunity defense.

IV.   <u>Cumberland County is entitled to summary judgment on Counts I and IV of Plaintiffs'</u>
      <u>Amended Complaint.</u>

The Plaintiffs allege the Cumberland County Sheriff's Department is liable based on a failure to train.  Allegations of a "failure to train" are a subset of so-called "policy or custom" claims.  A failure to train claim requires proof of deliberate indifference to the constitutional rights of the aggrieved individual. *City of Canton v. Harris,* 489 U.S. 378, 388-89 (1989); *Hayden v. Grayson*, 134 F.3d 449, 456 (1st Cir. 1998). Deliberate indifference requires a "deliberate choice to follow a course of action [which] is made from among various alternatives." *City of Canton*, 489 U.S. at 389. The need for more training must be so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can be said to have been deliberately indifferent. *Id*. at 390. There must be a *sufficient pattern of prior violations* to alert policymaking officials to the need for further training.  *Connick v. Thompson*, 563 U.S. 51, 62 (61-62)(emphasis added).  "A generalized showing of a deficient training program is not sufficient. The plaintiff must establish that the *particular officers* who committed the violation had been deprived of adequate training, and that this specific failure in training was at least a partial cause of the ultimate injury." *Whitfield v. Melendez-Rivera*, 431 F.3d 1, 9 (1st Cir. P.R. 2005)(emphasis added).  Finally, "a plaintiff must identify a specific deficiency that was obvious and closely related to his injury, so that it might fairly be said that the official policy or custom (of failing to train) was both deliberately indifferent to his constitutional rights and the moving force behind his injury."  *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010)(internal quotations and citations omitted).

In this case, there is no evidence of deliberate indifference. First, the record contains no evidence of a pattern of prior violations of a similar nature sufficient to alert policy-making

officials to the need for further or additional training. *DSMF ¶ 12*. Second, with regard to the use of force, the Cumberland County Sheriff's Department has a policy on the use of force. *DSMF, ¶ 9*. Ackerman, the particular officer at issue in this case, was trained on that policy and also had general training on the use of force. *DSMF, ¶¶ 10*. What is more, the record contains no evidence establishing that other officers who Plaintiffs allege might have been involved in the use of force against them were inadequately trained in a manner that reaches constitutional dimension. Stated simply, Ackerman never laid a hand on either Plaintiff. The record contains no evidence of either (1) any established pattern of prior violations of the sort at issue here, or (2) what training any other officers who may have been involved did or did not have. Given these facts, viewed against the backdrop of the "exceptionally stringent" liability criteria in failure to train claims, see *Hayden v. Grayson*, 134 F.3d 449, 456 (1st Cir. 1998), the municipal entity's entitlement to summary judgment on this claim is obvious. Summary judgment should be entered in favor of the County Defendant and against Plaintiffs on Counts I and IV.

V.     Plaintiffs' state law claims are barred by Plaintiffs' failure to comply with the notice provisions of 14 M.R.S. § 8107.

14 M.R.S. § 8107 provides, in pertinent part: "Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time . . . when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant . . . or attorney shall file a written notice . . .." A failure to comply with the notice provision of the Tort Claims Act bars a subsequent claim. *Cushman v. Tilpon*, 652 A.2d 650 (Me. 1995). A cause of action for injury by governmental entity accrues, for the purpose of the 180-day period for filing the notice, when the plaintiff suffers a judicially cognizable injury." *Porter v. Philbrick-Gates*, 745 A.2d 996 (Me. 2000).

In this case, any claims Plaintiffs have against the County and Ackerman accrued on November 19, 2013, the date the search warrant was executed.  No notice of claim was ever served on Cumberland County or Defendant Ackerman.  Because Plaintiffs have filed to comply with the notice provisions of the Maine Tort Claims Act, the state law claims against them are barred as a matter of law, and the Defendants are entitled to summary judgment on this claim.

<u>CONCLUSION</u>

For all of the foregoing reasons, Defendants Cumberland County and Ackerman ask the Court to enter summary judgment in their favor pursuant to Fed.R.Civ.P. 56 on all counts of Plaintiffs' Amended Complaint.

Dated:  December 23, 2016                     /s/  Peter T. Marchesi
                                               Peter T. Marchesi, Esq.


                                               /s/  Cassandra S. Shaffer
                                               Cassandra S. Shaffer, Esq.

                                               Wheeler & Arey, P.A.
                                               Attorneys for Defendants
                                               27 Temple Street, P.O. Box 376
                                               Waterville, ME  04903-0376

8

**UNITED STATES DISTRICT COURT**
**District of Maine**

|  |  |  |
|---|---|---|
| TARA LEE MANCHESTER and BYRON, MANCHESTER, | ) ) ) | Docket No.  2:15-cv-00473-DBH |
| Plaintiff | ) ) |  |
| v. | ) ) |  |
| CUMBERLAND COUNTY SHERIFF'S DEPARTMENT and BRIAN ACKERMAN, | ) ) ) |  |
| Defendant | ) ) |  |

**CERTIFICATE OF SERVICE**

I, Peter T. Marchesi, Esq., attorney for Defendants, hereby certify that:

● Defendants' Motion for Summary Judgment and Defendants' Statement of Uncontested Material Facts in Support of Motion for Summary Judgment, with attachments

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Anthony J. Sineni, III, Esq.   (*anthony@sinenilaw.com*)

Dated: December 23, 2016                    /s/  Peter T. Marchesi
                                            Peter T. Marchesi, Esq.
                                            Attorney for Defendants
                                            Wheeler & Arey, P.A.
                                            27 Temple Street, P.O. Box 376
                                            Waterville, ME  04903-0376

9